IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No. 3:12-cv-00508-MR
[Criminal Case No. 3:03-cr-00131-MR-1]

| | |
|---|---|
| BROOKS TYRONE CHAMBERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, and Petitioner's alternative claims for relief. [Doc. 1]. No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed and his alternative claims for relief will be denied.

**I.     BACKGROUND**

On August 5, 2005, Petitioner was sentenced to 262 months' imprisonment following his conviction on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 3:03-cr-00131, Doc. 21: Judgment

in a Criminal Case at 1-2]. Petitioner did not file an appeal from this criminal judgment.[1]

On August 14, 2012, Petitioner, by and through counsel, filed the present Section 2255 motion challenging his sentence. Petitioner contends that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Specifically, Petitioner argues that based on the holding in Simmons, he is entitled to have his sentence vacated and to be resentenced without consideration of his prior state drug convictions. Alternatively, Petitioner argues for relief under 28 U.S.C. §2241 or pursuant to a writ of error *coram nobis* or *audita querela*.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

---

[1] On April 22, 2009, Petitioner filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582. This was denied. [Doc. 42 in Criminal Case]. Petitioner's appeal from that order was unsuccessful. See United States v. Chambers, No. 09-7296 (4th Cir. Oct. 27, 2009).

2

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Section 2255 Relief

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a direct appeal from his criminal judgment, and the judgment therefore became final ten days after the entry of judgment on August 5, 2005. Petitioner contends that his Section 2255 is timely under § 2255(f)(3) because the Court in Simmons announced a new rule that is retroactively applicable to cases on collateral review. Specifically, Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit in that case changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining a sentence. Thus, both the merits of Petitioner's claim and the timeliness of his motion are dependent on Simmons.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit previously had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for

4

that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The decision in Simmons was based on the Court's interpretation of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577, 177 L.Ed.2d 68 (2010), which held that, in the context of determining what constitutes a qualifying felony under a provision of the Immigration and Nationality Act, the sentencing court must examine the criminal record of the individual defendant presently before the court and not the record of a hypothetical defendant. In a decision filed after Petitioner filed the present Section 2255 motion, the Fourth Circuit examined the reach of the decision in Carachuri and concluded that its holding was not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560-61 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for

5

retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in [Powell]"); United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). Since the holding in Simmons if not retroactive, it is not applicable to Petitioner's sentencing. Thus Petitioner's motion is without merit and must be denied.

In addition, Petitioner's filing is untimely. The one-year period for filing a claim based on a new rule of law (if retroactive) begins to run on "the date on which the right asserted was initially recognized by the *Supreme Court*." 28 U.S.C. §2255(f)(3) (emphasis added). The right asserted in this case was recognized by the Supreme Court in Carachuri on June 14, 2010, more than two years before Petitioner filed his motion. The Government has not waived the statute of limitations, so this motion is also time barred.

Based on the foregoing precedent, the Court finds that Petitioner's application for relief under Section 2255 must be denied and dismissed.

B. <u>Section 2241 Relief</u>

Petitioner filed a petition under 28 U.S.C. § 2241 as an alternative claim for relief. This petition will be denied. A petitioner seeking to attack

6

his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Jones, 226 F.3d at 333-34.

As such, a challenge under §2241 needs to be to the legality of the conviction. In the present case, Petitioner challenges only his sentence of 262 months' imprisonment as being impermissibly *enhanced* based on prior North Carolina state drug convictions. Therefore, Petitioner's claim does not come within the purview of §2241 as outlined in Jones.[2]

---

[2] The Court notes that despite the presence of his prior state drug convictions, Petitioner still received a sentence within the maximum authorized by law. See 21 U.S.C. § 841(b) (providing for an unenhanced sentencing range of not less than 10 years and not more than life imprisonment). In this instance, relief under Section 2255 is limited to a

7

### C. Coram Nobis Relief

Petitioner contends that if he is denied relief pursuant to §2241 or §2255 he should be entitled to relief through a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3d Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). Petitioner is still in custody. Therefore he is not entitled to *coram nobis* relief, and this petition will also be denied.

### D. Petition for a Writ of Audita Querela

In his final claim for relief, Petitioner contends that he should be entitled to a writ of *audita querela*. The Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are

---

challenge to a sentence that is "in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

available, such as a motion to vacate under § 2255." In re Moore, No. 12-1720, 2012 WL 5417618, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). As discussed above with regard to Petitioner's §2241 claim, he was able to challenge his sentence through a motion under Section 2255, and therefore his application for a writ of *audita querela* will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

9

Case 3:12-cv-00508-MR   Document 2   Filed 01/16/13   Page 9 of 10

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's alternative request for relief pursuant to 28 U.S.C. § 2241, for a writ of *coram nobis*, and for a writ of *audita querela*, are also **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 16, 2013

Martin Reidinger
United States District Judge